UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **CASE NO. 17-96** |
| **JETTY HUI** | **SECTION: "G"(3)** |

## ORDER

Before the Court is Defendant Jetty Hui's ("Hui") "Motion to Dismiss Indictment."[1] Having considered the motion, the memoranda in support and opposition, the record and the applicable law, the Court will deny the motion.

## I. Background

On May 19, 2017, Hui was charged in a one-count Indictment with making a false statement to an FBI agent in violation of Title 18 United States Code, Sections 1001(a)(1) and 2.[2] The Indictment alleges that Hui owned and operated Cabinets and Countertops Direct in New Orleans, Louisiana.[3] According to the Indictment, Hui electronically filed a claim with the Gulf Coast Claims Facility ("GCCF") on October 24, 2010, claiming losses of $432,957.00.[4] The Indictment states that the claim included documentation of business losses by cancellation letters from two individuals indicating that orders to Hui's business were cancelled due to the oil spill.[5]

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 1.

[3] *Id.* at 1.

[4] *Id.* at 2.

[5] *Id.*

1

The Indictment alleges that these letters were false and Hui lost no business because of the spill.[6] The Indictment further alleges that Hui received $72,500 via an electronic transfer from the GCCF on December 2, 2010, and that on February 13, 2011, Hui filed an additional Interim Payment claim seeking $230,000 from the GCCF.[7] The Indictment charges Hui with making a false, fictitious, and fraudulent material statement to the FBI on May 23, 2012, when he told FBI agents that the letters were actual order cancellations when in fact Hui had composed the letters himself, in violation of Title 18 United States Code, Sections 1001(a)(1) and 2.[8]

On November 3, 2017, Hui filed the instant "Motion to Dismiss Indictment."[9] On November 22, 2017, the Government filed an opposition to the motion.[10] On November 30, 2017, the Court heard oral argument on the motion.[11] At oral argument, the Court ordered supplemental briefing on the motion. On December 14, 2017, Hui filed a supplemental brief in further support of the motion,[12] and on December 27, 2017, the Government filed a supplemental brief in opposition to the motion.[13]

---

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] Rec. Doc. 25.

[10] Rec. Doc. 33.

[11] Rec. Doc. 35.

[12] Rec. Doc. 36.

[13] Rec. Doc. 38.

## II. Parties' Arguments

*A.     Hui's Arguments in Support of the Motion to Dismiss Indictment*

Hui moves the Court to dismiss the Indictment pending against him.[14] Hui acknowledges that the statute of limitations for violations of 18 U.S.C. § 1001 is five years, and that the Indictment was brought within five years of his alleged statement to the FBI.[15] However, Hui argues that because the Indictment alleges that he made a false statement on the BP claim form on October 24, 2010, the statute of limitations ran on or about October 24, 2015.[16] Moreover, Hui asserts that "even if the Indictment is brought within the statute of limitations, there may be grounds for dismissal because preindictment delay that prejudices a defendant violates the Due Process Clause of the Fifth Amendment."[17] Hui asserts that he has suffered prejudice from the delay sufficient to establish a due process violation because one potential witness has passed away and another may be difficult to find.[18]

*B.     The Government's Arguments in Opposition to the Motion to Dismiss Indictment*

In its opposition, the Government contends that Hui has not cited any valid legal authority for the motion.[19] The Government notes that prosecutions for violations of 18 U.S.C. § 1001 must be brought within five years of the offense, and Hui was indicted within five years of the statements

---

[14] Rec. Doc. 25.

[15] Rec. Doc. 25-1 at 2.

[16] *Id.*

[17] *Id.* (citing *United States v. MacDonald*, 456 U.S. 1, 6 (1982)).

[18] *Id.* at 3.

[19] Rec. Doc. 33 at 2.

he made to the FBI.[20] Furthermore, the Government notes that when Hui was interviewed by the FBI the fraudulent submission to GCCF was still within the statute of limitations.[21]

The Government cites *United States v. Tantillo*.[22] There, the Government asserts that the Fifth Circuit rejected the defendant's argument that the FBI lacked jurisdiction over a false statement the defendant made to the FBI because part of the offense she was questioned about was out of statute, and therefore not within purview of federal agency.[23] Because Hui's fraudulent behavior was within the statute of limitations at the time the FBI conducted the interview, the Government contends that Hui's motion to dismiss should be denied.[24]

C. *Hui's Arguments in Further Support of to the Motion to Dismiss Indictment*

In the supplemental memorandum, Hui contends that "dicta in *Tantillo* supports the defendant's position that the conduct for which the government is attempting to prosecute the defendant is clearly outside the statute of limitations."[25] Hui notes that in *Tantillo* the Fifth Circuit considered false statements made by the defendant to the FBI in 2013 and 2014 about a pay raise, noting that although her statements had to do with a pay raise in 2004, that pay raise was part of a conspiracy that lasted until 2011.[26] Hui contends that "[t]he reasonable and logical inference in *Tantillo* is that had the original crime for which Tantillo made false statements only lasted until

---

[20] *Id.*

[21] *Id.* at 2–3.

[22] *Id.* at 3 (citing 686 F. App'x 257 (5th Cir. 2017)).

[23] *Id.* at 3.

[24] *Id.* at 4–5.

[25] Rec. Doc. 36 at 1.

[26] *Id.*

4

2004, then her conduct would have fallen outside the statute of limitations."[27]

In this case, Hui asserts that the original alleged crime occurred more than seven years ago.[28] Hui submits "that dicta in *Tantillo* has provided guidance that in making false statement to the FBI cases, the focus should be on the date of the underlying offense."[29] Therefore, Hui contends that the Indictment was not timely filed because the statute of limitations for the underlying offense ran on or about October 24, 2015.[30]

Finally, Hui asserts that Section 1001 requires that a person must act willfully in making a false statement to federal investigators.[31] He asserts that courts have been divided on whether the willfulness element requires proof that the defendant knew his or her conduct was unlawful.[32] According to Hui, the Department of Justice has recently admitted in briefs before the Supreme Court "that for a 1001 conviction the government must prove that the person knew that the statement was false and knew that making a false statement was unlawful."[33]

### D. The Government's Arguments in Further Opposition to the Motion to Dismiss Indictment

In its supplemental memorandum, the Government contends that Hui misunderstands the Fifth Circuit's holding in *United States v. Tantillo*.[34] The Government asserts that in *Tantillo* the

---

[27] *Id.* at 2.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 2–3.

[34] Rec. Doc. 38 at 1.

Fifth Circuit held that a prosecution for a violation of 18 U.S.C. §1001(a)(2) may be brought if the underlying offense was still within the statute of limitations when the interview took place.[35] According to the Government, this is clearly the situation here because Hui was interviewed by the FBI on May 23, 2012, about a claim he made with the GCCF on October 24, 2010, well within the five-year limitations period.[36]

As for the second issue raised in Hui's supplemental brief, the Government points out that its proposed jury instructions define the term "willful" as an act "committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose and either to disobey or disregard the law."[37] According to the Government, the evidence will show that Hui knowingly made a false statement FBI and knew it was unlawful to lie to federal agents at the time.[38]

### III. Legal Standard

18 U.S.C. § 3282 provides that the prosecution of any federal offense not punishable by death must be commenced "within five years next after such offense shall have been committed." The Supreme Court of the United States has explained that statutes of limitations "represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice; they are made for the repose of society and the protection of those who may (during the limitation) . . . have lost their means of defense."[39] Statutes of limitations "provide

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 2.

[38] *Id.* at 3.

[39] *United States v. Marion*, 404 U.S. 307, 322 (1971) (internal quotations and citations omitted).

predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced."[40] Therefore, "[c]riminal limitations statutes are to be liberally interpreted in favor of repose," because "the purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions."[41]

When considering a motion to dismiss an indictment, the Court must accept the allegations in the indictment as true.[42] A defendant may not challenge an indictment that is valid on its face on the grounds that the allegations are not supported by adequate evidence, because weighing the evidence is the function of the jury.[43]

## **IV. Analysis**

In the instant case, Hui was charged by an Indictment on May 19, 2017, with making a false statement to the FBI on May 23, 2012, in violation of 18 U.S.C. § 1001(a)(2). Therefore, the Indictment was brought within five years of Hui making the alleged false statement to the FBI. Nevertheless, Hui argues that the Indictment should be dismissed because his statement to the FBI involved his claim filed with the GCCF on October 24, 2010. Specifically, Hui contends that because the Indictment alleges that he made a false statement on the BP claim form on October 24, 2010, the statute of limitations ran on or about October 24, 2015. Moreover, Hui asserts that there may be grounds for dismissal because pre-indictment delay that prejudices a defendant

---

[40] *Id.*

[41] *Toussie v. United States*, 397 U.S. 112 (1970).

[42] *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952).

[43] *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359 (1956)).

7

violates the Due Process Clause of the Fifth Amendment. In response, the Government asserts that the Indictment was timely filed within five years of the Hui's alleged false statement to the FBI, and the allegedly fraudulent behavior was within the statute of limitations at the time the FBI conducted the interview.

In *United States v. Tantillo*, the defendant made statements to the FBI in 2013 and 2014 about transactions that took place in 2004, which were ultimately used in a prosecution against the defendant for making a false statement.[44] The defendant argued that "the expiration of the statute of limitations placed the conduct outside the FBI's jurisdiction and made her false statement . . . immaterial to 'the official decision' of whether to arrest or charge anyone involved."[45] On appeal, the Fifth Circuit noted that the elements of an 18 U.S.C. § 1001(a)(2) violation are: "(1) a statement, that is (2) false, (3) and material, (4) made with the requisite specific intent, [and] (5) within the purview of government agency jurisdiction."[46] The Fifth Circuit found that the statute of limitations had not expired at the time the defendant made the statements to the FBI because, although the statements related to a pay raise that occurred in 2004, that pay raise was part of a conspiracy that lasted until around 2011.[47] Accordingly, the Fifth Circuit rejected the defendant's "argument that the alleged expiration of the statute of limitations made her statements immaterial and placed the conduct of which she spoke outside the FBI's jurisdiction."[48]

Hui argues that, pursuant to the Fifth Circuit's holding *Tantillo*, the focus should be on the

---

[44] 686 F. App'x 257, 261 (5th Cir. 2017).

[45] *Id.*

[46] *Id.* at 260.

[47] *Id.* at 261.

[48] *Id.*

8

date of the underlying offense. He asserts that it is reasonable to infer that Tantillo's conduct would have fallen outside the statute of limitations if the original crime for which she made false statements only lasted until 2004. While Hui is correct that this is a logical conclusion, he misses a crucial distinction. Tantillo was interviewed by the FBI in 2013 and 2014 about transactions that occurred in 2004.[49] On appeal, Tantillo argued that the FBI did not have jurisdiction to conduct the investigation because the statute of limitations had run *before* the FBI conducted the interviews.[50] The Fifth Circuit rejected this argument concluding that the statute of limitations had not run before the FBI conducted the interviews because Tantillo's conduct was part of a conspiracy that lasted until 2011.[51]

In this case, the FBI interviewed Hui on May 23, 2012, about an allegedly fraudulent claim form he submitted to GCCF on October 24, 2010. The statute of limitations for the underlying fraudulent behavior had not run when the FBI interviewed Hui in 2012. Therefore, when Hui made the alleged false statements, the FBI had jurisdiction over the conduct it was investigating. Accordingly, the Court concludes that the Indictment was timely filed within five years of Hui making the alleged false statement to the FBI, during an investigation within the FBI's jurisdiction.

Hui also argues that there may be grounds for dismissal even if the statute of limitations had not run because pre-indictment delay that prejudices a defendant violates the Due Process Clause of the Fifth Amendment. To show an unconstitutional pre-indictment delay, a defendant must establish two elements: "1) the Government intended to delay obtaining an indictment for

---

[49] *Id.*

[50] *Id.*

[51] *Id.*

9

the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other bad faith purpose, and 2) that the improper delay caused actual, substantial prejudice to his defense."[52] The defendant bears the burden of establishing both prongs.[53] Here, Hui has failed to meet either prong. He asserts that at least one potential defense witness has passed away and others may be difficult to locate. However, he has not demonstrated a substantial prejudice to his defense. Moreover, he has not even asserted that the Government intended to delay obtaining an indictment for the purpose of gaining some tactical advantage. Accordingly, Hui has not shown that the pre-indictment delay violated the Due Process Clause.

Finally, to the extent Hui raises issues regarding the mens rea of required to prove a violation of Section 1001, this is not a proper issue for determination on a motion to dismiss, where the Court must accept the allegations in the indictment as true.[54]

Accordingly,

**IT IS HEREBY ORDERED** that Hui's "Motion to Dismiss Indictment"[55] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __7th__ day of February, 2018.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[52] *United States v. Seale*, 600 F.3d 473, 479 (5th Cir. 2010) (citing *United States v. Crouch*, 84 F.3d 1497, 1523 (5th Cir. 1996) (en banc)).

[53] *Id.*

[54] *Boyce Motor Lines*, 342 U.S. at 343 n.16.

[55] Rec. Doc. 25.